2017 ND 208

**IN the INTEREST OF M.S.**

**Southeast Human Service Center, Petitioner and Appellee**

v.

**M.S., Respondent and Appellant**

**No. 20170280**

Supreme Court of North Dakota.

Filed 8/29/2017

Ronald W. McBeth (on brief), Richland County State's Attorney, Wahpeton, ND, for petitioner and appellee.

Jason R. Butts (on brief), Wahpeton, ND, for respondent and appellant.

VandeWalle, Chief Justice.

[¶1] M.S. appealed from district court orders for less restrictive treatment and denying his demand for a change of judge. We affirm, concluding the court did not err in denying M.S.'s demand for a change of judge.

I

[¶2] M.S. was subject to an existing one-year order for less restrictive treatment relating to his mental illness. On June 8, 2017, before the order expired, the Southeast Human Service Center filed a petition for continuing treatment under N.D.C.C. § 25-03.1-23, alleging M.S. required further psychiatric care and was unwilling to adhere to treatment on his own. On June 15, 2017, M.S. filed a demand for change of

judge under N.D.C.C. § 29–15–21. Judge Daniel Narum, as presiding judge, denied his request, finding that Judge Bradley Cruff was assigned to M.S.'s case in 2013 and had made rulings in the matter. After a hearing, the district court found M.S. required continuing treatment and ordered that M.S.'s less restrictive treatment be extended for one year, to June 2018.

## II

[¶ 3] M.S. does not challenge any of the findings of fact or conclusions of law related to the order for less restrictive treatment. The sole issue on appeal is whether Judge Narum erred in denying his demand for a change of judge.

[¶ 4] Section 29–15–21, N.D.C.C., governs a demand for change of judge. Under N.D.C.C. § 29–15–21(2), "[t]he demand is invalid unless it is filed with the clerk of the court not later than ten days after the occurrence of the earliest of any one of the following events:"

a. The date of the notice of assignment or reassignment of a judge for trial of the case;

b. The date of notice that a trial has been scheduled; or

c. The date of service of any ex parte order in the case signed by the judge against whom the demand is filed.

We note that M.S.'s demand stated he filed it in good faith under N.D.C.C. § 29–15–21 and did not allege Judge Cruff demonstrated bias against him. *See Gray v. Berg*, 2015 ND 203, ¶ 9, 868 N.W.2d 378 (stating a demand for change of judge alleging bias is not subject to the time constraints under N.D.C.C. § 29–15–21(2)).

[¶ 5] The presiding judge, Judge Narum, denied M.S.'s demand for a change of judge, finding "that Judge Cruff was assigned to this case in 2013 and has made rulings in this matter." Although not stat-

ed in the order, Judge Narum appears to have denied M.S.'s demand under N.D.C.C. § 29–15–21(3), which states in relevant part:

In any event, no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertaining to the action or proceeding in which the demanding party was heard or had an opportunity to be heard. Any proceeding to modify an order for alimony, property division, or child support pursuant to section 14–05–24 or an order for child custody pursuant to section 14–05–22 must be considered a proceeding separate from the original action and the fact that the judge sought to be disqualified made any ruling in the original action does not bar a demand for a change of judge.

[¶ 6] M.S. argues the filing of a petition for a continuing treatment order under N.D.C.C. § 25–03.1–23 creates a new and different action. M.S. argues mental health cases such as his are analogous to the domestic relations proceedings discussed in N.D.C.C. § 29–15–21(3) that are considered separate from the original action. We disagree.

[¶ 7] The plain language of N.D.C.C. § 29–15–21(3) states that "no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertaining to the action or proceeding." The statute also provides a proceeding to modify spousal support, property division, or child support is considered a separate proceeding from the original action, and "the fact that the judge sought to be disqualified made any ruling in the original action does not bar a demand for a change of judge."

[¶ 8] Section 29–15–21, N.D.C.C., is a "statutory arrangement for permitting a litigant to obtain a change of judge, thereby assuring fair trials and promoting the

fairness and integrity of the courts." *Traynor v. Leclerc*, 1997 ND 47, ¶ 14, 561 N.W.2d 644. As M.S. argues, although mental health proceedings are subject to being reopened often, the legislature did not exempt mental health proceedings from N.D.C.C. § 29–15–21(3) if the judge sought to be disqualified has made a ruling pertaining to the proceeding.

[¶ 9] Here, the record indicates M.S. was subject to a one-year order for less restrictive treatment issued in September 2013, after the Southeast Human Service Center filed a petition for continuing treatment. The Center filed additional petitions for continuing treatment, alleging M.S. "continues to be a person requiring treatment" under N.D.C.C. § 25–03.1–23. In response to the petitions for continuing treatment, Judge Cruff issued additional one-year orders for less restrictive treatment in August 2014, August 2015, July 2016, and June 2017. Because Judge Cruff has made rulings in this continuing case involving M.S. and the Southeast Human Service Center, we conclude Judge Narum did not err in denying M.S.'s demand for a change of judge.

### III

[¶ 10] The orders denying M.S.'s demand for a change of judge and for less restrictive treatment are affirmed.

[¶ 11] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner, S.J.

[¶ 12] The Honorable Jon J. Jensen was not a member of the Court when this case was submitted and did not participate in this decision. Surrogate Judge Carol Ronning Kapsner, sitting.