# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 70

Rodney Ray Chisholm,                                      Plaintiff and Appellant

v.

State of North Dakota,                                      Defendant and Appellee

No. 20180340

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Donald Hager, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Justice.

Rodney R. Chisholm (on brief), self-represented, Bismarck, ND, plaintiff and appellant.

Haley L. Wamstad (on brief), State's Attorney, Grand Forks, ND, for defendant and appellee.

**Jensen, Justice.**

[¶1]    Rodney Chisholm appeals from the district court's summary dismissal of his application for post-conviction relief, denial of his motion to compel, denial of his request for counsel, and denial of his request for a change of judge. We affirm in part, reverse in part, and remand for further proceedings.

I.

[¶2]    Chisholm's application for post-conviction relief stems from his conviction of murder on May 3, 2011. Chisholm was sentenced to 30 years' imprisonment and we affirmed the conviction. *State v. Chisholm*, 2012 ND 147, 818 N.W.2d 707.

[¶3]    Chisholm previously filed multiple applications for post-conviction relief, one which was denied by the Honorable Donald Hager. In his most recent application for post-conviction relief, Chisholm alleges newly discovered evidence entitles him to a new trial.

[¶4]    In conjunction with his application for post-conviction relief, Chisholm filed a request for a change of judge referencing N.D.C.C. § 29-15-21 and including allegations that Judge Hager was not impartial. Chisholm also filed a motion to compel discovery and a request for court-appointed counsel.

[¶5]    The Honorable Lolita Hartl-Romanick reviewed Chisholm's request for change of judge and denied his request in her capacity as the acting presiding judge. Judge Hager subsequently denied the motion to compel discovery, denied the application for court-appointed counsel, and summarily dismissed the application for post-conviction relief.

[¶6]    Chisholm argues the district court erred by summarily dismissing his application for post-conviction relief, denying his request for counsel, and denying his motion to compel discovery. He further contends the court erred when it denied his request for a change of judge.

## II.

[¶7]   Chisholm's demand for change of judge referenced N.D.C.C. § 29-15-21, which allows for a peremptory challenge of an assigned judge. Within the body of the demand for change of judge, Chisholm included allegations that Judge Hager should recuse himself from the case for bias or prejudice.

[¶8]   "We distinguish peremptory demands for a change of judge from a demand for a change of judge based on bias." *Gray v. Berg*, 2015 ND 203, ¶ 9, 868 N.W.2d 378. "[A] party is entitled to a peremptory challenge of an assigned judge, without alleging bias or prejudice." *Traynor v. Leclerc*, 1997 ND 47, ¶ 11, 561 N.W.2d 644. This Court is not bound by a party's label and may look to the substance of the motion to determine the proper classification. *Eagleman v. State*, 2016 ND 54, ¶ 18, 877 N.W.2d 1. *See, e.g., Grasser v. Grasser*, 2018 ND 85, ¶ 8, 909 N.W.2d 99 (motion for change of judge under N.D.C.C. § 29-15-21 was properly viewed as a motion for recusal based on bias). We conclude the document submitted by Chisholm contains two separate requests—a peremptory request for change of judge under N.D.C.C. § 29-15-21 and a request for recusal based on bias.

## III.

[¶9]   To the extent Chisholm's request is a peremptory challenge to the assignment of a particular judge, it is governed by N.D.C.C. § 29-15-21. One of the prerequisites to reassignment of the case under N.D.C.C. § 29-15-21 is certification by the moving party that the assigned judge "has not ruled upon any matter pertaining to the action or proceeding in which the moving party was heard or had an opportunity to be heard." N.D.C.C. § 29-15-21(4). Additionally, "no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertaining to the action or proceeding in which the demanding party was heard or had an opportunity to be heard." N.D.C.C. § 29-15-21(3).

[¶10]   Judge Hager presided over Chisholm's prior post-conviction action. Each application for post-conviction relief is assigned a new civil case number. We have not previously considered whether successive post-conviction applications should be

2

considered new actions or proceedings sufficient to allow a peremptory demand for a change of judge under N.D.C.C. § 29-15-21.

[¶11] Our prior decisions support a conclusion that successive post-conviction relief applications are a single action. In *Estate of Ketterling*, this Court considered whether to allow a change of judge under N.D.C.C. § 29-15-21 when a formal probate proceeding was initiated after informal probate proceedings had begun. 515 N.W.2d 158, 166 (N.D. 1994). The appellant contended formal probate proceedings were distinct from informal proceedings and should be considered a separate proceeding from the original action. *Id.* This Court disagreed and held that informal probate and formal probate actions concerning the same estate were a single proceeding because they relate to the same matter. *Id.*

[¶12] Similarly in *Falcon v. State*, the district court declined to find that a criminal action and related post-conviction action were separate proceedings. 1997 ND 200, ¶ 19, 570 N.W.2d 719. Falcon argued because post-conviction applications are civil in nature, filed under a new and separate civil case number, the post-conviction proceeding is separate from the underlying criminal proceeding. *Id.* at ¶ 8. This Court, relying on its decision in *Ketterling*, held the post-conviction action and the criminal case concerned the same matter and were not a separate proceeding for the purpose of a peremptory demand for change of judge under N.D.C.C. § 29-15-21. *Id.* at ¶ 11.

[¶13] Having previously held that an initial post-conviction action is a continuation of the underlying criminal case, it is a logical extension of our holding that subsequent applications for post-conviction relief are also a continuation of the underlying action. We affirm the denial of the peremptory demand for change of judge made by Chisholm under N.D.C.C. § 29-15-21.

IV.

[¶14] Under N.D.C.C. § 29-15-21(6), "the judge sought to be disqualified has no authority or discretion to determine the timeliness or validity of the demand and shall proceed no further or take any action in the action or proceeding and is thereafter

3

disqualified from doing any further act in the cause unless the demand is invalidated by the presiding judge." As such, it was proper for Judge Hartl-Romanick, in her capacity as the acting presiding judge, to consider and determine the merits of the peremptory challenge to Judge Hager. Judge Hartl-Romanick also reviewed and denied Chisholm's request as a motion based on bias and prejudice.

[¶15] We have previously held motions seeking the recusal of a judge for bias or prejudice are not within the scope of N.D.C.C. § 29-15-21(6), and the assigned judge is not disqualified from acting on matters within the case. *See, e.g.*, *Schweitzer v. Mattingley*, 2016 ND 231, ¶¶ 14-15, 887 N.W.2d 541 (district court committed reversible error in allowing a different judge to rule on a motion for recusal based on bias). Unlike a demand for a change of judge, "a district court judge is not immediately divested of authority upon the filing of a motion to recuse." *Id.* at ¶ 15. While "a judge has a duty to recuse when required by the Code of Judicial Conduct, a judge also has an equally strong duty not to recuse when the circumstances do not require recusal." *Rath v. Rath*, 2016 ND 46, ¶ 31, 876 N.W.2d 474. Rule 2.7, N.D. Code Jud. Conduct, requires the assigned judge to hear and decide all matters assigned to the judge, unless disqualification is required or otherwise provided by law.

[¶16] Chisholm's request for recusal, based on bias or prejudice, was not governed by N.D.C.C. § 29-15-21, was not required to be considered by another judge, and should have been determined by the judge assigned to the case. We reverse the denial of the demand for change of judge based on bias or prejudice and remand for the assigned judge to consider the request.

V.

[¶17] The district court properly denied the peremptory demand for change of judge, and we affirm the denial of the peremptory demand. The request for recusal of the assigned judge should have been considered by the assigned judge, and we therefore reverse the denial of the request for recusal based on bias and prejudice. We remand for consideration of the request for recusal for bias or prejudice by the assigned judge and, subsequent to a determination on the request for recusal, reconsideration of the

4

motion to compel discovery, request for appointment of counsel, and summary dismissal of the post-conviction application.

[¶18]   Jon J. Jensen
         Lisa Fair McEvers
         Daniel J. Crothers
         Jerod E. Tufte
         Gerald W. VandeWalle, C.J.