# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 19

Rodney Ray Chisholm,                                    Plaintiff and Appellant

   v.

State of North Dakota,                                  Defendant and Appellee

## No. 20190234

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Donald Hager, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Rodney R. Chisholm, self-represented, Bismarck, N.D., plaintiff and appellant; submitted on brief.

Rachel R. Egstad, Grand Forks, N.D., for defendant and appellee; submitted on brief.

**Tufte, Justice.**

[¶1] Rodney Chisholm appeals from a district court order summarily dismissing his application for postconviction relief. We conclude his claim for ineffective assistance of postconviction counsel is barred under N.D.C.C. § 29-32.1-09(2) and his other claims are barred by res judicata. We affirm the summary dismissal of his postconviction relief application.

I

[¶2] Chisholm was convicted of murder in 2011 and sentenced to 30 years' imprisonment. He appealed his conviction, which we affirmed in *State v. Chisholm*, 2012 ND 147, 818 N.W.2d 707.

[¶3] Chisholm filed his first application for postconviction relief in 2013. In that application, Chisholm alleged ineffective assistance of trial and appellate counsel. The district court summarily denied Chisholm's application, and he appealed. We reversed and remanded in *Chisholm v. State*, 2014 ND 125, 848 N.W.2d 703. On remand, the district court again denied Chisholm's application and he appealed. We affirmed the district court's denial in *Chisholm v. State*, 2015 ND 279, 871 N.W.2d 595.

[¶4] Chisholm filed this application for postconviction relief in January 2018. In this application, he alleged he had discovered new evidence of the trial judge's bias that was unavailable at the time of trial, the trial court's jury instructions were erroneous, and his counsel from the prior postconviction action was ineffective. In conjunction with his application for postconviction relief, Chisholm requested a change of judge and moved to compel discovery.

[¶5] The State answered Chisholm's application and denied all the allegations. In its answer, the State asserted the affirmative defense of res judicata. It did not raise the affirmative defenses of misuse of process or the statute of limitations. It also requested the district court summarily dismiss

Chisholm's application. Chisholm filed a reply brief responding to the State's answer which acknowledged the State's request for summary disposition.

[¶6] The district court denied Chisholm's request for a change of judge and summarily dismissed his postconviction relief application in June 2018. Chisholm appealed. We affirmed the district court's denial of Chisholm's peremptory demand for a change of judge, but reversed and remanded for consideration of other issues. *Chisholm v. State*, 2019 ND 70, 924 N.W.2d 127.

[¶7] On remand, the district court denied Chisholm's request for a change of judge and motion to compel discovery. The court summarily dismissed Chisholm's application for postconviction relief. Chisholm now appeals.

II

[¶8] Chisholm argues the district court erred in summarily dismissing his application for postconviction relief. Our standard of review for summary dismissals of applications for postconviction relief is well established:

> "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Wacht v. State*, 2015 ND 154, ¶ 6, 864 N.W.2d 740 (quoting *Haag v. State*, 2012 ND 241, ¶ 4, 823 N.W.2d 749). A district court may summarily dismiss an application for postconviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.D.C.C. § 29–32.1–09(3). A court may also summarily dismiss "a second or successive application for similar relief on behalf of the same applicant." N.D.C.C. § 29–32.1–09(1). This Court reviews an appeal from summary dismissal of postconviction relief as it would review an appeal from a summary judgment. *Wacht*, at ¶ 6. "The party opposing the motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Id.*

*Myers v. State*, 2017 ND 66, ¶ 7, 891 N.W.2d 724.

2

## III

[¶9]   As a threshold matter, we must consider whether Chisholm had notice of the State's motion for summary disposition. Section 29-32.1-09(3), N.D.C.C., allows a court to summarily dismiss an application for postconviction relief on its own motion or on the motion of the State. Rule 3.2(a)(1), N.D.R.Ct., requires a party filing a motion to serve notice of the motion on the opposing party.

[¶10] In *Ourada v. State*, 2019 ND 10, ¶ 2, 921 N.W.2d 677, the State requested summary disposition in its answer, which the district court granted. We held the State's request was effectively a motion for summary disposition, and reversed and remanded because Ourada was not provided notice of the State's motion as required under N.D.R.Ct. 3.2. *Id.* at ¶ 6.

[¶11] Here, as in *Ourada*, the State requested summary disposition in its answer. The district court could have properly treated this request as a motion for summary disposition. The State's request for summary disposition was not accompanied with notice as required for a motion under N.D.R.Ct. 3.2. However, we conclude Chisholm was effectively on notice of the State's request for summary disposition because he acknowledged it in his reply brief to the State's answer before the court granted the State's motion.

## IV

[¶12] Chisholm argues the district court erred in dismissing his claim for ineffective assistance of postconviction counsel.

[¶13] The district court dismissed this claim, citing N.D.C.C. § 29-32.1-09(2). Section 29-32.1-09(2), N.D.C.C., provides that "[a]n applicant may not claim constitutionally ineffective assistance of postconviction counsel in proceedings under this chapter." We have held "district courts are required to dismiss an applicant's claims of ineffective assistance of post-conviction relief counsel in a Uniform Postconviction Procedure Act proceeding." *Jensen v. State*, 2019 ND 126, ¶ 9, 927 N.W.2d 479 (quoting *Kalmio v. State*, 2018 ND 182, ¶ 18, 915 N.W.2d 655). The district court did not err in dismissing Chisholm's claim for

ineffective assistance of postconviction counsel, because that claim was barred under N.D.C.C. § 29-32.1-09(2).

V

[¶14]  Chisholm argues the district court erred in dismissing the other claims in his application for postconviction relief. The district court dismissed Chisholm's other claims because they were barred by res judicata.

[¶15]  Under N.D.C.C. § 29-32.1-12(1) and (2), an application for postconviction relief may be denied on the grounds of res judicata or misuse of process. Res judicata and misuse of process are affirmative defenses that must be pleaded by the State. N.D.C.C. § 29-32.1-12(3). Here, the State pleaded only res judicata as an affirmative defense. Chisholm argues his claims are not barred by res judicata because they have not previously been litigated.

[¶16] Res judicata prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties. *Ungar v. N.D. State Univ.*, 2006 ND 185, ¶ 11, 721 N.W.2d 16. This was Chisholm's second application for postconviction relief. He could have raised these claims in the previous postconviction action but did not do so. Therefore, they were barred by res judicata.

[¶17] Chisholm argues his claim of bias by the trial judge was based on newly discovered evidence that has come to light since his first postconviction relief application and therefore could not have been raised in the prior proceeding. Specifically, he relies on media interviews given by the trial judge since Chisholm's 2011 trial about a courtroom shooting that happened in 1992. Chisholm claims the interviews are demonstrative of the trial judge's bias and but for the judge's bias, the jury would have been instructed on lesser included offenses.

[¶18] This argument by Chisholm is an attempt to relitigate his waiver of the lesser included offense instructions. Chisholm admitted at the evidentiary hearing in his prior postconviction case that he waived jury instructions on the lesser included charges. *Chisholm*, 2015 ND 279, ¶ 16, 871 N.W.2d 595. In the

4

appeal from that case, we concluded the district court's finding that Chisholm was adequately advised on the ramifications of not allowing the jury to consider lesser included charges was not clearly erroneous. *Id.*

[¶19] The issue of lesser included offense instructions was previously litigated. Chisholm's new claim is therefore barred by res judicata. *Ungar*, 2006 ND 185, ¶ 11, 721 N.W.2d 16. We conclude the district court did not err in summarily dismissing Chisholm's claims barred by res judicata.

VI

[¶20] We have considered Chisholm's other arguments and conclude the district court did not abuse its discretion in denying Chisholm's motions for recusal, to compel discovery, and to correct the record. As to those issues, we summarily affirm under N.D.R.App.P. 35.1(a)(4). We affirm the district court's order summarily dismissing Chisholm's application for postconviction relief.

[¶21] Jerod E. Tufte
  Gerald W. VandeWalle
  Lisa Fair McEvers
  Jon J. Jensen, C.J.

**Crothers, Justice, concurring specially.**

[¶22] I concur in the result. I write separately regarding Part II of the majority opinion addressing summary disposition. In particular, I write to again request that the State be required to serve and file an actual motion to dismiss, rather than to continue being permitted to bury their requested relief in a pleading.

[¶23] Here, the State responded to Chisholm's application by stating at the end of its answer, "Respondent further alleges the Petition should be summarily dismissed based upon the doctrine of res judicata as it has already been ruled upon. Therefore, Respondent prays that the Court enter a Judgment for Summary Dismissal." No motion or brief was filed with the district court. No motion or brief was served on Chisholm. Instead, the district court treated as a motion the State's defense embedded in its answer, and ultimately granted the requested relief. Several appeals followed. Majority opinion, at ¶¶ 5-7.

[¶24] In *Delvo v. State*, 2010 ND 78, 782 N.W.2d 72, this Court first addressed whether an applicant was properly put on notice of a motion to dismiss, and whether the applicant was effectively put to their proof so as to require production of evidence rather than merely making allegations, when the State's dismissal request was embedded in an answer. I dissented from the majority holding that the State's request for dismissal contained only in its answer was adequate to put the applicant on notice that he or she had been put to their proof. *Id.* at ¶¶ 19-35.

[¶25] Both before and since *Delvo*, the State's failure in post-conviction relief proceedings to serve and file a separate motion has caused considerable extra work for the litigants, the district courts and this Court. *See, e.g., Burden v. State*, 2019 ND 178, 930 N.W.2d 619 and the cases cited therein. That extra work would be greatly reduced if not eliminated by requiring the State, consistent with all other civil proceedings, to file a motion and brief identifying the grounds for relief and citing support for that relief. *Id.* at ¶ 10 ("We have said post-conviction proceedings are civil in nature and the rules and statutes applicable to civil proceedings are applicable to those proceedings."); N.D.R.Civ.P. 7(b)(1) ("A request for a court order must be made by motion."); N.D.R.Ct. 3.2(a)(1) [motions] and 3.2(a)(2) [briefs].

[¶26] Daniel J. Crothers

6