# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 204

Russell Frank Craig,                                    Petitioner and Appellant

      v.

State of North Dakota,                               Respondent and Appellee

## No. 20210108

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Samuel A. Gereszek, Grand Forks, ND, for petitioner and appellant.

Tessa M. Vaagen, Assistant State's Attorney, and Jamie Schaible, third-year law student, under the Rule on Limited Practice of Law by Law Students, Bismarck, ND, for respondent and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1] Russell Frank Craig appeals from a judgment granting summary disposition and dismissing his motion for postconviction relief based on res judicata. Craig argues his claims are not barred by res judicata. We conclude Craig's claims are barred by res judicata, and we affirm the judgment.

I

[¶2] Craig pleaded guilty to murder in 2007 and was sentenced to life with the possibility of parole. Craig initiated a postconviction proceeding in 2013, which was summarily dismissed. In 2018, in the underlying criminal case, Craig filed a motion to withdraw his guilty plea. The district court denied the motion, and this Court affirmed. *State v. Craig*, 2020 ND 80, 941 N.W.2d 539.

[¶3] Craig filed another application for postconviction relief in October of 2020. In his application, Craig argued his parole date was moved in violation of ex post facto law. The State answered, denying Craig's allegations and raising the affirmative defense of res judicata. The State moved for summary disposition arguing Craig's claims were barred by res judicata.

[¶4] In March of 2021, the district court granted summary disposition and dismissed Craig's application for postconviction relief. The court found the matter was barred by res judicata as the same arguments were heard in the underlying criminal case and affirmed in *State v. Craig*, 2020 ND 80. The court accordingly held these claims were "fully and finally determined in a previous proceeding." Craig appealed.

II

[¶5] Craig argues the district court erroneously determined his claims were asserted in the 2018 motion to withdraw his guilty plea proceedings and barred from further litigation by the doctrine of res judicata.

[¶6]   Our standard of review for the summary dismissal of a petition for postconviction relief has been summarized as follows:

> We review an appeal from summary denial of post-conviction relief as we would review an appeal from a summary judgment. The party opposing the motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. For summary judgment purposes, the evidentiary assertions of the party opposing the motion are assumed to be true.

*Sambursky v. State*, 2006 ND 223, ¶ 7, 723 N.W.2d 524 (internal references omitted).

[¶7]   Craig relies on this Court's opinion in *State v. Craig*, 2020 ND 80, to demonstrate that the claims he is now asserting were not raised in that proceeding. In *Craig*, we noted the following: "Craig concedes he did not raise at the district court the issue of whether his sentence was illegal or whether the district court violated the prohibition against ex post facto laws." *Id.* at ¶ 5. Craig argues his present claims cannot be barred by res judicata if they had not previously been raised or addressed by the district court.

[¶8]   Under N.D.C.C. § 29-32.1-12(1), an application for postconviction relief may be barred by res judicata. Section 29-32.1-12(1) reads:

> 1. An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.

[¶9]   In *Chisholm v. State*, this Court stated:

> Res judicata prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties. *Ungar v. N.D. State Univ.*, 2006 ND 185, ¶ 11, 721 N.W.2d 16. This was Chisholm's second application for postconviction relief. He could have raised these claims in the previous postconviction action but did not do so. Therefore, they were barred by res judicata.

2020 ND 19, ¶ 16, 937 N.W.2d 520. Res judicata is an affirmative defense that must be pleaded by the State under N.D.C.C. § 29-32.1-12(3); *See Chisholm*, at ¶ 15.

[¶10] As noted in this Court's previous opinion, Craig did not raise the issues of an illegal sentence or ex post facto law during the earlier proceedings. *Craig*, 2020 ND 80, ¶ 5. However, res judicata also applies to claims that could have been raised at the earlier proceedings. Although Craig failed to raise the issues he now raises in the present proceedings, he has not offered any explanation why the issues could not have been raised in the earlier proceedings. To the contrary, his attempt to improperly raise the issues on appeal in his most recent prior action establishes the issues could have been raised.

[¶11] Under the statutory requirements, the State met its burden of pleading the affirmative defense of res judicata in response to Craig's application. The State properly moved for summary dismissal of Craig's claims asserting the claims were, or could have been, raised in prior proceedings and were therefore barred by res judicata from further litigation. We conclude the district court did not err in the dismissal of Craig's claims.

## III

[¶12] The district court did not err in finding Craig's claims to be barred from further litigation by the doctrine of res judicata. We affirm the judgment dismissing Craig's petition for postconviction relief.

[¶13]  Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte