# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 15

Donna Mae Wald,                                                    Petitioner

      v.

The Honorable James D. Hovey, Judge of

the Court, Southeast Judicial District;

and Gerard Wald,                                                   Respondents

### No. 20210280

Appeal from the District Court of McIntosh County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

PETITION FOR SUPERVISORY WRIT DENIED.

Opinion of the Court by VandeWalle, Justice, in which Chief Justice Jensen, Justices Crothers, McEvers, and Tufte joined. Justice Crothers filed an opinion concurring specially, in which Chief Justice Jensen joined.

Rodney E. Pagel, Bismarck, ND, for petitioner.

Mary E. Batcheller, Fargo, ND, for respondent Gerard Wald.

# Wald v. Hovey
## No. 20210280

**VandeWalle, Justice.**

[¶1]   Donna Wald petitioned this Court to exercise its original jurisdiction and issue a writ of supervision directing the district court to vacate an order denying her demand for a change of judge and to grant the demand. We deny the petition, concluding the district court did not err when it denied the demand for a change of judge.

I

[¶2]   In 2019, Donna and Gerard Wald divorced. The Honorable Daniel D. Narum was the presiding judge in the divorce action. Donna Wald was awarded hay bales and other assets in the property distribution. After entry of the divorce judgment, Donna Wald moved for contempt or in the alternative for redistribution of property, claiming she was unable to retrieve the hay bales awarded to her and Gerard Wald refused to turn the hay bales over to her. The district court denied her motion. Donna Wald appealed, and the property distribution and denial of the post-judgment motion were affirmed on appeal. *Wald v. Wald*, 2020 ND 174, ¶ 1, 947 N.W.2d 359.

[¶3]   In 2021, Donna Wald sued Gerard Wald for unjust enrichment and tortious conversion. She alleged the hay bales awarded to her in the divorce judgment were worth $242,216; she had not received any of the hay bales; Gerard Wald kept the hay bales for his own use or sold them for his own gain; and she was deprived of the value, use, and benefit of the hay bales. She requested the district court to award her $242,000 in damages.

[¶4]   Judge Narum was assigned to the case, and Donna Wald filed a demand for a change of judge under N.D.C.C. § 29-15-21. The Honorable James D. Hovey, presiding judge of the Southeast Judicial District, reviewed the request for a change of judge. Judge Hovey denied the request, finding Judge Narum was the presiding judge in the divorce action, the factual issues in the current case were considered and decided by Judge Narum as part of the divorce, and

therefore Judge Narum ruled upon matters pertaining to this action in which Donna Wald was heard or had an opportunity to be heard.

[¶5]   Donna Wald now seeks a writ of supervision directing the district court to vacate the order denying her demand for change of judge and to grant the demand. She argues she complied with the statutory requirements for a change of judge and the court erred by denying her request.

## II

[¶6]   Article VI, Section 2 of the North Dakota Constitution provides this Court with "original jurisdiction with authority to issue, hear, and determine such original and remedial writs as may be necessary to properly exercise its jurisdiction." *See also* N.D.C.C. § 27-02-04 ("In the exercise of its appellate jurisdiction, and in its superintending control over inferior courts, it may issue such original and remedial writs as are necessary to the proper exercise of such jurisdiction."). Our authority to issue supervisory writs is discretionary and is used "only to rectify errors and prevent injustice when no adequate alternative remedies exist." *Smith v. Isakson*, 2021 ND 131, ¶ 7, 962 N.W.2d 594 (quoting *Holbach v. City of Minot*, 2012 ND 117, ¶ 12, 817 N.W.2d 340).

[¶7]   An order denying a demand for a change of judge is not appealable, but it is reviewable on appeal from a final judgment. *Traynor v. Leclerc*, 1997 ND 47, ¶ 6, 561 N.W.2d 644. However, we explained it is appropriate to consider exercising our supervisory jurisdiction when a demand for a change of judge has been denied because no adequate alternative remedy exists. *Id.* We will consider the merits of the issue Donna Wald raised in her petition.

## III

[¶8]   Section 29-15-21, N.D.C.C., permits a change of judge upon a timely demand, stating:

> 1. Subject to the provisions of this section, any party to a civil or criminal action or proceeding pending in the district court may obtain a change of the judge before whom the trial or any proceeding with respect thereto is to be heard by filing with the

2

clerk of the court in which the action or proceeding is pending the original of a written demand for change of judge[.]

. . .

3. . . . In any event, no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertaining to the action or proceeding in which the demanding party was heard or had an opportunity to be heard. Any proceeding to modify an order for alimony, property division, or child support pursuant to section 14-05-24 or an order for child custody pursuant to section 14-05-22 must be considered a proceeding separate from the original action and the fact that the judge sought to be disqualified made any ruling in the original action does not bar a demand for a change of judge.

[¶9] Section 29-15-21, N.D.C.C., is a "statutory arrangement for permitting a litigant to obtain a change of judge, thereby assuring fair trials and promoting the fairness and integrity of the courts." *Traynor*, 1997 ND 47, ¶ 14; *see also Giese v. Giese*, 2002 ND 194, ¶ 5, 653 N.W.2d 663 (stating the purpose of the statute is to allow a party to obtain a change of judge if the party does not believe he could have a fair trial before the assigned judge). We have recognized that "[o]ur cases make clear, '[a] ruling adverse to a party in the same or prior proceeding does not render a judge biased so as to require disqualification.'" *Falcon v. State*, 1997 ND 200, ¶ 15, 570 N.W.2d 719 (quoting *Farm Credit Bank v. Brakke*, 512 N.W.2d 718, 720 (N.D. 1994)). Donna Wald does not allege Judge Narum demonstrated bias against her. She argues her request meets the statutory requirements for demanding a change of judge under N.D.C.C. § 29-15-21.

[¶10] Donna Wald contends the only issue is whether Judge Narum has ruled on any matter pertaining to the current action in which she was heard or had an opportunity to be heard. She claims this is a separate action for tortious conversion and unjust enrichment, this is not the divorce action, and it is not a motion for contempt or a motion to amend the divorce judgment. She asserts this is a separate and distinct action from the divorce and no moving party has been heard or has had an opportunity to be heard on any motion in this action.

3

[¶11] The preemptory challenge to the assignment of a judge allowed under N.D.C.C. § 29-15-21 is not an unlimited right. *See Giese*, 2002 ND 194, ¶ 5. We have held that "the plain language of the statute precludes a demand to change a judge who has ruled upon any matter pertaining to an action or proceeding in which the demanding party was heard or had an opportunity to be heard." *Id.* The phrase "any matter pertaining to the action" uses broad language. This Court previously held the use of the word "any" in this phrase means "all" or "every" and its meaning is comprehensive in scope and inclusive in range. *State v. Zuger*, 459 N.W.2d 235, 237 (N.D. 1990). The word "matter" generally means "[a] subject under consideration, esp. involving a dispute or litigation" or "[s]omething that is to be tried or proved; an allegation forming the basis of a claim or defense." *Black's Law Dictionary* 1172 (11th ed. 2019). The word "pertain" means "[t]o relate directly to; to concern or have to do with." *Black's Law Dictionary* 1383 (11th ed. 2019). The plain language of the statute does not preclude a change only if the judge ruled on a matter within the current action. Rather, it precludes a change in judge if the judge has ruled on any matter, including a matter in a separate action, which pertains to the current action if the demanding party was heard or had an opportunity to be heard.

[¶12] Furthermore, construing this language in a broad manner is consistent with our case law. In *Falcon*, 1997 ND 200, ¶¶ 18-19, we held the district court did not err in denying a demand for a change of judge under N.D.C.C. § 29-15-21 in a post-conviction proceeding when the same judge presided over the criminal trial. We noted a motion under the Uniform Postconviction Procedure Act is treated as an independent civil action and the post-conviction proceeding is separate from the original prosecution proceeding. *Id.* at ¶¶ 9, 14. However, we held post-conviction proceedings are appropriately treated as a continuation of the criminal prosecution for purposes of N.D.C.C. § 29-15-21, and a party bringing a post-conviction petition is not entitled to a new judge when the post-conviction judge was also the trial judge. *Id.* at ¶ 18.

[¶13] In *Chisholm v. State*, 2019 ND 70, ¶ 13, 924 N.W.2d 127, we considered whether a defendant applying for post-conviction relief is entitled to a change of judge under N.D.C.C. § 29-15-21 on subsequent applications for post-conviction relief. We noted each application for post-conviction relief is

4

assigned a new civil case number. *Id.* at ¶ 10. However, we extended the holding in *Falcon* and held "subsequent applications for post-conviction relief are also a continuation of the underlying action." *Id.* at ¶ 13. We affirmed the denial of the demand for a change of judge. *Id.*

[¶14] In *Schmidt v. Thompson*, 347 N.W.2d 315, 321 (N.D. 1984), this Court held a trial judge who ordered a party to make child support payments in a divorce proceeding retained jurisdiction to enter an order of commitment in a subsequent contempt proceeding despite the party's demand for a change of judge. The Court explained that "the demand for change of judge does not disqualify the judge from any contempt proceedings that may arise out of actions or orders issued prior to the demand for removal." *Id.*

[¶15] In *In re M.S.*, 2017 ND 208, ¶ 2, 900 N.W.2d 805, a demand for a change of judge was denied in a case related to a petition for continuing mental health treatment. The patient argued the filing of a petition for a continuing treatment order creates a new and different action. *Id.* at ¶ 6. We acknowledged there had been multiple petitions for continuing treatment between 2013 and 2017 and the district court judge issued one-year orders related to those petitions. *Id.* at ¶ 9. We held the district court did not err in denying the demand for a change of judge because this was a continuing case and the judge had made rulings pertaining to the proceeding. *Id.* at ¶¶ 8-9.

[¶16] In these cases we interpreted N.D.C.C. § 29-15-21 broadly. We applied the statute and held the moving party was not entitled to a change of judge, even if there was a new action with a new case number, when the assigned judge ruled on a matter in a prior proceeding that pertained or related directly to the current action or proceeding.

[¶17] In the divorce action, Donna Wald filed a post-judgment motion for contempt or in the alternative for redistribution of property, claiming Gerard Wald refused to allow her to come onto the land to retrieve the hay bales, he refused to turn the hay bales over to her, and Gerard Wald should have to pay her $242,216 for the value of the hay bales. She claimed Gerard Wald believed that the hay bales were his to do with as he desired because she did not remove

5

the hay bales from his property within thirty days of entry of the divorce judgment. The district court denied Donna Wald's motion for contempt and redistribution of property.

[¶18] In the current action, Donna Wald is suing Gerard Wald for tortious conversion and unjust enrichment seeking damages related to the hay bales she was awarded in the parties' divorce action. She alleges the hay bales awarded to her in the divorce judgment were worth $242,216 and Gerard Wald kept the hay bales for his own use or sold them for his own gain. She requests the district court award her $242,000 in damages.

[¶19] The same factual issues that were before the district court in the post-judgment divorce proceedings are also before the district court in the current action. The ruling on the post-judgment motion is a matter that pertains or directly relates to the current action. Donna Wald appeared and was heard during the post-judgment proceedings in the divorce action, and Judge Narum ruled on Donna Wald's post-judgment motion. Under the facts and circumstances of this case, we conclude Judge Narum has ruled on matters pertaining to this action within the divorce case, and therefore the district court did not err in denying Donna Wald's demand for a change of judge.

IV

[¶20] The district court did not err in denying Donna Wald's demand for a change of judge. Donna Wald's petition for a writ of supervision directing the district court to vacate its order denying her demand for a change of judge is denied.

[¶21] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte

**Crothers, Justice, specially concurring.**

[¶22] Section 29-15-21(3), N.D.C.C., provides in pertinent part "no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertaining to the action or proceeding in which the demanding party was heard or had an opportunity to be heard." Petitioner Donna Wald reads this provision as allowing a demand when the judge has not ruled on a matter in the pending action or proceeding. *See* majority opinion, ¶ 10. Respondent Gerard Wald argued and we agree the operative sentence focuses on whether the assigned judge has ruled on an issue or matter, regardless whether that ruling came in the present action or another one. *See id.* at ¶ 11.

[¶23] The application of N.D.C.C. § 29-15-21(3) is determined by three key words—"action," "proceeding," and "pertaining." Rule 2, N.D.R.Civ.P., provides "[t]here is one form of action—the civil action." A "civil action" is defined as "An action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation." *Black's Law Dictionary* 38 (11th ed. 2019). Similarly, a "proceeding" is "The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *Id.* at 1457. "Pertaining" means "To relate directly to; to concern or have to do with." *Id.* at 1383.

[¶24] Because the legislature chose the words "pertaining to" rather than the word "in," I agree with the ruling of this Court. *See* N.D.C.C. § 1-02-05 ("When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). I write separately to highlight what I believe is a result not intended by the legislature. Rather, I think the legislature intended that a litigant be able to obtain a new judge in a new action or proceeding if the assigned judge had not ruled on any matter in that action or proceeding.

[¶25] If indeed the statute does not say what the legislature meant, I encourage modification of the statute to ensure the demand for change of judge statute recognizes that a new judge can be demanded even though the same subject matter might be involved in two or more pieces of litigation. Otherwise,

7

a defendant in a criminal case would have no statutory opportunity to demand a change of the same judge in a subsequent civil lawsuit arising out of the same underlying facts. I highly doubt that is what the legislature intended, but it is a result directed by the current statute and our ruling.

[¶26] Jon J. Jensen, C.J.
Daniel J. Crothers