# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

_____

2026 ND 49

_____

Dean Klebe n/k/a Finley Jada Klebe,                    Plaintiff and Appellant

    v.

Jessica Joy Anne Klebe a/k/a Jessica
Joy Anne Rollman-Jefferson,                    Defendant and Appellee

_____

No. 20250362

_____

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephanie R. Hayden, Judge.

AFFIRMED.

Per Curiam.

Finley J. Klebe, self-represented, Moorhead, Minnesota, plaintiff and appellant; on brief.

Ashley Heitkamp, Fargo, North Dakota, for defendant and appellee; on brief.

**Per Curiam.**

[¶1]   Finley Klebe appeals from an amended judgment modifying child support. Klebe argues that the district court erred by determining the child support obligation on the basis of Klebe's earning capacity, rather than earnings history. Klebe also argues that the court erred when it denied a demand for a new judge.

[¶2]   A district court may determine the child support obligation on the basis of earning capacity rather than earnings history. *Anderson v. Foss*, 2024 ND 154, ¶¶ 9-11, 10 N.W.3d 570. Consequently, we summarily affirm regarding this issue under N.D.R.App.P. 35.1(a)(7).

[¶3]   The district court erred procedurally in ruling on Klebe's demand for a change of judge. The presiding judge of the judicial district must determine the demand's timeliness, not the judge sought to be disqualified. N.D.C.C. § 29-15-21(6). Here, the judge who was the subject of the demand ruled on it. That was error.

[¶4]   On this record, we conclude this error was harmless. Rule 61, N.D.R.Civ.P., requires disregarding errors that do not affect substantial rights. Klebe filed the demand on May 8, 2025, twenty-four days after filing the motion to modify child support. Even assuming the statutory demand period started as late as the filing of the motion, which appears contrary to N.D.C.C. § 29-15-21(2), *see Wald v. Hovey*, 2022 ND 15, ¶ 16, 969 N.W.2d 163, the demand was well past the 10-day limit and untimely as a matter of law. Because the demand was untimely, no substantial rights were affected by the wrong judge's ruling on it.

[¶5]   We affirm the amended judgment.

[¶6]   Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte

1

Jon J. Jensen
Douglas A. Bahr