2017 ND 138

**Kayla RATH, n/k/a Kayla Jones, Plaintiff**

**v.**

**Mark RATH, Defendant and Appellant**

**and**

**State of North Dakota, Statutory Real Party in Interest and Appellee**

**No. 20160338**

Supreme Court of North Dakota.

Filed 6/7/2017

Sheila K. Keller, Bismarck, N.D., for statutory real party in interest and appellee.

Mark A. Rath, Bismarck, N.D., defendant and appellant.

McEvers, Justice.

[¶ 1] Mark Rath appeals from orders denying his demands for a change of judge, an order denying his motion for an order to show cause, and an order modifying his child support obligation. We affirm, concluding Mark Rath did not meet the statutory requirements for a change of judge, the district court did not abuse its discretion by denying the motion for an order to show cause, and the court did not err in modifying the child support obligation.

I

[¶ 2] In January 2013, Mark Rath and Kayla Rath were divorced. The divorce judgment awarded Kayla Rath primary residential responsibility for the parties' two children, and Mark Rath received supervised parenting time. Mark Rath was ordered to pay $243 per month in child

support. Since entry of the divorce judgment, Mark Rath has filed numerous post-judgment motions in the district court, some of which have been addressed by this Court in prior cases. *See Rath v. Rath*, 2017 ND 128, 895 N.W.2d 306; *Rath v. Rath*, 2016 ND 105, 879 N.W.2d 735; *Rath v. Rath*, 2016 ND 83, 878 N.W.2d 85; *Rath v. Rath*, 2016 ND 46, 876 N.W.2d 474; *Rath v. Rath*, 2015 ND 22, 861 N.W.2d 172; *Rath v. Rath*, 2014 ND 171, 852 N.W.2d 377; *Rath v. Rath*, 2013 ND 243, 840 N.W.2d 656.

[¶ 3] On April 25, 2016, the Child Support Enforcement Unit moved to modify Mark Rath's child support obligation, requesting the amount be increased to $475 per month. The Enforcement Unit explained it calculated the requested child support amount after obtaining Mark Rath's 2015 tax return and wage information from his employer and considering Mark Rath's duty to support other children. Mark Rath responded to the motion to modify, arguing his health insurance expenses should be deducted from his income because he is required to have health insurance or pay a tax penalty under federal law.

[¶ 4] On May 1, 2016, Mark Rath moved for joinder of claims, requesting the district court join the child support modification proceedings in this case with child support proceedings in another case. On May 13, 2016, Judge Hill denied the motion for joinder, finding joinder was not appropriate because the two cases were different situations involving different parties and were assigned to different judges.

[¶ 5] On May 17, 2016, Mark Rath filed a demand for change of judge under N.D.C.C. § 29–15–21(3) against Judge Hill for purposes of the child support modification. The demand was denied on May 18, 2016. The district court explained the demand was untimely because the parties had ten days from the time the judge was assigned to the case to demand a change of judge and Judge Hill was assigned to the matter in October 2014.

[¶ 6] On May 18, 2016, Mark Rath filed a second demand for change of judge, arguing the first demand was incorrectly denied because the motion to modify child support is considered a separate proceeding from the original action. On May 20, 2016, the district court denied the demand, concluding it was untimely.

[¶ 7] On May 23, 2016, Mark Rath filed a third demand for change of judge for the child support proceedings. On May 23, 2016, the district court denied the third demand for change of judge, finding it was filed in an untimely manner.

[¶ 8] On August 3, 2016, Mark Rath moved for an order to show cause, arguing Kayla Rath should be held in contempt for failing to comply with the judgment. He claimed Kayla Rath violated the terms of the judgment by failing to inform him of the children's medical expenses and failing to give him copies of unpaid medical bills so he could pay half of the children's medical expenses.

[¶ 9] On August 30, 2016, the district court denied the motion for an order to show cause. The court found Kayla Rath's failure to provide copies of the unpaid medical bills was not a violation of the judgment because she did not request reimbursement. The court concluded the motion was meritless. The court noted this was the thirteenth motion of this type and stated it was another pleading that harasses Kayla Rath and appeared to be offered for an improper purpose. The court advised Mark Rath that if the pattern continues it will consider imposing sanctions under N.D.R.Civ.P. 11(c).

[¶ 10] On September 15, 2016, after a hearing, the district court granted the mo-

tion to modify child support. The court denied Mark Rath's request to deduct the amount he pays for health insurance from his income. The court adopted the Enforcement Unit's calculations and ordered Mark Rath to pay $445 per month in child support. An amended judgment was entered.

## II

[¶ 11] Mark Rath argues the district court erred by denying his three demands for change of judge. He contends he was entitled to a change of judge under N.D.C.C. § 29–15–21 because the child support modification proceedings were separate from the original divorce action.

[¶ 12] Under N.D.C.C. § 29–15–21, a party to a civil proceeding may obtain a change of judge, but the demand for a change of judge must be filed not later than ten days after the earliest of any of the following:

a. The date of the notice of assignment or reassignment of a judge for trial of the case;

b. The date of notice that a trial has been scheduled; or

c. The date of service of any ex parte order in the case signed by the judge against whom the demand is filed.

N.D.C.C. § 29–15–21(2). Section 29–15–21(3), N.D.C.C., provides further requirements for a demand and states:

In any event, no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertaining to the action or proceeding in which the demanding party was heard or had an opportunity to be heard. Any proceeding to modify an order for alimony, property division, or child support pursuant to section 14–05–24 or an order for child custody pursuant to section 14–05–22 must be consid-

ered a proceeding separate from the original action and the fact that the judge sought to be disqualified made any ruling in the original action does not bar a demand for a change of judge.

The judge sought to be disqualified has no authority or discretion to determine the timeliness or validity of the demand and the presiding district court judge decides whether the demand should be denied. N.D.C.C. § 29–15–21(6).

[¶ 13] Three different acting presiding district court judges denied Mark Rath's demands for change of judge. The order denying Mark Rath's first demand for change of judge stated the demand was untimely because "[p]arties have 10 days from the date the Judge was assigned to the case. Judge Hill was assigned on 10/22/2014." Judge Hill was assigned to the original divorce proceedings in October 2014; however, the Enforcement Unit moved to modify Mark Rath's child support obligation on April 25, 2016, and that proceeding is separate from the original divorce action. *See* N.D.C.C. § 29–15–21(3). Mark Rath was entitled to demand a change of judge for the child support modification proceedings if he met the requirements of N.D.C.C. § 29–15–21.

[¶ 14] Although the district court's reason for denying the first demand was incorrect, the court did not err in denying the motions. "[A] district court's decision will not be set aside merely because the court applied an incorrect reason if, under the correct law and reasoning, the result is the same." *Goodall v. Monson*, 2017 ND 92, ¶ 12, 893 N.W.2d 774. Section 29–15–21(3), N.D.C.C., states no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertaining to the action in which the demanding party was heard. This Court has previously interpreted the

meaning of the language "ruled upon any matter pertaining to the action or proceeding," and held it means "all" or "every" matter pertaining to the action. *See State v. Zueger*, 459 N.W.2d 235, 237 (N.D. 1990).

[¶ 15] Mark Rath filed his demands for change of judge on May 17, 2016; May 18, 2016; and May 23, 2016. Before Mark Rath requested a change of judge, he moved for joinder of claims on May 1, 2016, requesting the district court join the child support modification proceedings in this case with child support proceedings in a separate case related to a support obligation for a child he has with a different mother. On May 13, 2016, Judge Hill denied the motion for joinder. Judge Hill ruled upon Mark Rath's motion for joinder before Mark Rath filed his first demand for change of judge. The motion for joinder was a matter pertaining to the modification of child support.

[¶ 16] During oral argument, Mark Rath argued his demand for change of judge should have been granted because the district court was required to wait at least fourteen days after the motion was filed to allow Kayla Rath to respond under N.D.R.Ct. 3.2. He contends the court did not follow the time requirements of N.D.R.Ct. 3.2 and, therefore, his demand for change of judge met statutory requirements. He did not raise the issue in his brief on appeal. We generally do not consider arguments raised for the first time at oral argument on appeal. *See Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746.

[¶ 17] Because Mark Rath did not file a demand for change of judge before the judge he sought to be disqualified ruled on his motion for joinder, he did not meet statutory requirements for a change of judge. We conclude the district court prop-erly denied his three demands for change of judge.

### III

[¶ 18] Mark Rath argues the district court erred when it denied his motion for an order to show cause. Mark Rath claims he clearly showed Kayla Rath violated two specific portions of the judgment by failing to inform him of the children's medical expenses and send him copies of the medical bills so he could pay half of the children's uncovered expenses.

[¶ 19] A district court has broad discretion in making contempt determinations, and its decision will not be reversed on appeal unless the court abused its discretion. *Rath*, 2017 ND 128, ¶ 9. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

[¶ 20] The district court may impose a sanction for contempt under N.D.C.C. § 27–10–01.2. "[W]hen an act punishable as contempt is not committed in the immediate view and presence of the court, the court, upon being satisfied of the commission of the offense, may … [o]rder the accused to show cause at a specified time and place why the accused should not be punished for the alleged offense[.]" N.D.C.C. § 27–10–07. Contempt includes the "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer, including a referee or magistrate[.]" N.D.C.C. § 27–10–01.1(1)(c). The party seeking a contempt sanction must clearly and satisfactorily prove the alleged contempt was committed. *Rath*, 2017 ND 128, ¶ 8. Technical violations of a court order do not necessitate a contempt finding. *Id.*

[¶ 21] The judgment includes a provision related to payment of the children's medical expenses, stating:

All medical and medical related expenses for the child including, dental, optical, and orthodontic expenses, not covered by insurance shall be divided equally between the parties. Copies of bills for non-covered medical expenses shall be provided to the other party by the end of each month that the amount of the reimbursement becomes known. The other parent shall have thirty (30) days to submit reimbursement.

[¶ 22] The district court denied Mark Rath's motion for an order to show cause, concluding the motion was meritless. The court said the judgment states uncovered medical expenses "shall be equally divided between the parties," Mark Rath concedes he can receive billing information from the medical care provider, and he has continuing access to the financial records generated by the children's medical visits. The court said the judgment requires the parties to give each other bills for uninsured medical expenses each month, and the parties are foreclosed from seeking reimbursement at a later date if they do not present the bill to the other party by the end of the month. The court found Mark Rath knew the amount of the uninsured expenses but he did not reimburse Kayla Rath and she has not requested reimbursement. The court concluded, "The non-presentation of an invoice for reimbursement when Kayla [Rath] did not and does not request reimbursement is not even a 'technical violation' of the Judgment[,]" and Kayla Rath's conduct did not constitute contempt even if the court accepted the facts as Mark Rath asserted.

[¶ 23] The judgment requires Kayla Rath provide Mark Rath with copies of bills for non-covered medical expenses if she is requesting he pay half of the expenses. Kayla Rath has not requested Mark Rath pay any medical expenses that were not covered by insurance. Mark Rath admits the medical facility provided him with an overall account balance sheet, he knew the amounts of the uncovered medical expenses, and he did not pay any of the expenses. Kayla Rath did not violate the judgment. We conclude the district court did not abuse its discretion by denying Mark Rath's motion for an order to show cause.

IV

[¶ 24] Mark Rath argues the district court's decision to modify his child support obligation should be reversed. He asserts the amount an obligor pays for health insurance or for the federal tax penalty for failing to purchase insurance should be deducted from the obligor's gross annual income to calculate his income and determine his child support obligation. He claims all citizens are required to obtain health insurance under the Patient Protection and Affordable Care Act (ACA), 42 U.S.C. § 18001 et seq., and the failure to maintain insurance coverage is punishable by a federal tax penalty. He contends an obligor's income is reduced and he has less money to pay the child support obligation because he is required to maintain health insurance, the insurance premiums are a fixed monthly expense, and the obligor has little to no control over the expense.

[¶ 25] Child support decisions involve questions of law subject to a de novo standard of review, findings of fact subject to the clearly erroneous standard of review, and in some limited areas may be matters of discretion subject to an abuse of discretion standard. *Schweitzer v. Mattingley*, 2016 ND 231, ¶ 9, 887 N.W.2d 541.

[¶ 26] Mark Rath requested his health insurance costs as an employee benefit not

be included in calculating his gross and net income, citing N.D. Admin. Code § 75–02–04.1–01(4)(a)(2). Section 75–02–04.1–01(4)(a), N.D. Admin. Code, defines "gross income" for child support purposes, and includes income from any source, except employee benefits over which the employee does not have significant influence or control over the nature or amount unless the benefit may be liquidated and liquidation does not result in a tax penalty. This provision defines what income is included in calculating an obligor's gross income. The value of the health insurance benefit Mark Rath receives from his employer was not included in calculating his gross income. The district court explained:

> While access to a group health insurance plan from an employer may have value, if that value is not added to an obligor's wages it cannot be deducted under the guidelines to determine gross income. Mark [Rath] testified he was unsure if his employer pays part of the cost of the policy he has for himself. When asked at the hearing, he did not point to anything on his 2015 paystubs which showed the employer's payment of a portion of his health insurance. Therefore, there is no employment benefit that can be deducted from his child support calculations. Mark [Rath's] out of pocket cost for his health insurance is a deduction from the actual earnings received for work he completed. This amount cannot be categorized as a benefit requiring exclusion under N.D. Admin. Code § 75–02–04.1–01(4)(a)(2).

[¶ 27] Section 75–02–04.1–01(6), N.D. Admin. Code, defines net income and explains certain amounts are deducted from gross income to determine an obligor's net income. The child support guidelines specifically allow the portion of the obligor's premium payments for health insurance for the children to be deducted from gross annual income to calculate the obligor's net income. N.D. Admin. Code § 75–02–04.1–01(6)(d). The definition of net income does not include a deduction for the obligor's payments for health insurance premiums for the obligor's own insurance. Section 75–02–04.1–01, N.D. Admin. Code, does not allow the amount of Mark Rath's health insurance premiums to be deducted to calculate his net income, and he does not argue on appeal he is entitled to a deviation.

[¶ 28] To the extent Mark Rath requests this Court modify the child support guidelines to require the entire cost of an obligor's health insurance premium be deducted to calculate the obligor's net income, we cannot modify the child support guidelines. The Legislature has authorized the Department of Human Services to establish the child support guidelines. N.D.C.C. § 14–09–09.7(1). The Legislature has also stated the guidelines must include certain considerations. See N.D.C.C. § 14–09–09.7. This Court does not have authority to modify the child support guidelines, and any argument about how the guidelines should be amended would be better made to the Legislature or the Department of Human Services.

[¶ 29] We conclude the district court did not err in calculating Mark Rath's child support obligation.

V

[¶ 30] We affirm the orders denying the demands for change of judge, the order denying the motion for an order to show cause, and the order modifying Mark Rath's child support obligation.

[¶ 31] Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Daniel J. Crothers

Gerald W. VandeWalle, C.J.