# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 105

Kayla Rath, n/k/a Kayla Jones,                                  Plaintiff and Appellee

v.

Mark Rath,                                                      Defendant and Appellant

and

State of North Dakota,                                 Statutory Real Party in Interest

## No. 20210120

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED IN PART, AND VACATED IN PART.

Opinion of the Court by Jensen, Chief Justice.

Thomas M. Jackson, Bismarck, ND, for plaintiff and appellee.

Mark A. Rath, self-represented, Bismarck, ND, defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Mark Rath appeals after the district court entered a third amended judgment in this divorce action from Kayla Rath, now known as Kayla Jones. He appeals from an order denying his motion in limine; an order allowing written, but not oral, closing arguments on his motion to amend the judgment; and an order amending the judgment regarding parenting time and denying his petitions for a new trial and for recusal. He also appeals from the court's subsequent order determining he is a vexatious litigant. We conclude the court did not abuse its discretion in denying his motion in limine; in conducting the hearing; and in allowing written, but not oral, closing arguments. We affirm the denial of his requests for new trial and recusal and affirm the third amended judgment.

[¶2]   We conclude, however, the district court erred in denying his demand for a change of judge and erred in referring Jones's motion for a vexatious litigant determination under N.D. Sup. Ct. Admin. R. 58 to the presiding judge, who had previously been disqualified in this case. We therefore vacate the May 2021 order determining Mark Rath a vexatious litigant. We further hold that Rath has not met his burden to show his constitutional challenge to N.D. Sup. Ct. Admin. R. 58 has merit, and we exercise our authority under N.D. Sup. Ct. Admin. R. 58(7) to determine Mark Rath is a vexatious litigant under the rule.

I

[¶3]   Rath and Jones were divorced in 2013. This Court has since addressed numerous issues, primarily relating to Mark Rath's voluminous post-judgment motions. *See, e.g.*, *Rath v. Rath*, 2020 ND 96, 942 N.W.2d 464; *Rath v. Rath*, 2019 ND 303, 936 N.W.2d 538; *Rath v. Rath*, 2018 ND 138, 911 N.W.2d 919*; Rath v. Rath*, 2018 ND 98, 909 N.W.2d 666; *Rath v. Rath*, 2017 ND 138, 895 N.W.2d 315; *Rath v. Rath*, 2017 ND 128, 895 N.W.2d 306; *Rath v. Rath*, 2017 ND 80, 892 N.W.2d 205; *Rath v. Rath*, 2016 ND 105, 879 N.W.2d 735; *Rath v. Rath*, 2016 ND 83, 878 N.W.2d 85; *Rath v. Rath*, 2016 ND 71, 877 N.W.2d 298;

1

*Rath v. Rath*, 2016 ND 46, 876 N.W.2d 474; *Rath v. Rath*, 2015 ND 22, 861 N.W.2d 172; *Rath v. Rath*, 2014 ND 171, 852 N.W.2d 377; *Rath v. Rath*, 2013 ND 243, 840 N.W.2d 656.

[¶4]   In September 2020 Rath moved the district court to amend the judgment seeking to modify his parenting time and to provide him authority to take the minor children outside of the state. Rath subsequently filed a motion in limine seeking to exclude one of his children, H.R., from testifying at the hearing on his motion. The court denied his motion in limine.

[¶5]   On February 22, 2021, the district court held an evidentiary hearing and received testimony from the parties, the child H.R., and a social worker. Rath objected at the end of the hearing when the court did not allow him to make an oral closing argument. The day after the hearing, before the court ruled on his motion, Rath petitioned for a new trial and to recuse the judge. The court thereafter entered an order allowing written closing arguments on the motion to modify parenting time. Rath objected to the order, and both parties submitted written closing briefs.

[¶6]   On March 2, 2021, Rath filed a motion to hold Jones in contempt. Jones filed a cross-motion requesting the district court to determine Mark Rath to be a vexatious litigant under N.D. Sup. Ct. Admin. R. 58.

[¶7]   On March 23, 2021, the district court entered its findings and an order amending the judgment to increase Rath's parenting time and denying his petitions for a new trial and for the judge's recusal. A third amended judgment was entered granting Rath unsupervised parenting time every other weekend and on every other Tuesday evening, granting extended summer parenting time, and allowing for removal of the children from the state for temporary periods of vacation.

[¶8]   On March 30, 2021, the assigned judge recused himself from the case. A new judge was assigned, who recused herself from the case. The current judge was then assigned, who entered an order on March 31, 2021, referring Jones's vexatious litigant motion to the presiding judge. In April 2021 Rath filed multiple demands for a change of judge for the currently assigned judge which

were denied. He also filed a motion "challenging the jurisdiction" of the presiding judge to rule on the vexatious litigant motion.

[¶9] On May 7, 2021, the presiding judge entered an order granting Jones's vexatious litigant motion under N.D. Sup. Ct. Admin. R. 58, determining Mark Rath is a vexatious litigant, and prohibiting further filings from him without leave of court. The court entered an order staying further proceedings on May 18, 2021. Several motions remain pending in the district court, including Rath's motion for contempt and motions regarding child support and Jones's motion for a protective order.

II

[¶10] Rath argues the district court abused its discretion in denying his motion in limine to prevent his child, H.R., from testifying at the evidentiary hearing; micromanaging him at the hearing; and allowing written, but not oral, closing arguments.

[¶11] The district court has broad discretion on evidentiary matters, and this Court reviews a ruling on a motion in limine under the abuse of discretion standard. *Linstrom v. Normile*, 2017 ND 194, ¶ 12, 899 N.W.2d 287; *State v. Kuruc*, 2014 ND 95, ¶ 26, 846 N.W.2d 314. We have also explained that the "court has broad discretion over the conduct of a hearing." *Sollin v. Klein*, 2021 ND 75, ¶ 12, 958 N.W.2d 144; *see also Jalbert v. Eagle Rigid Spans, Inc.*, 2017 ND 50, ¶ 9, 891 N.W.2d 135; *Gullickson v. Kline*, 2004 ND 76, ¶ 15, 678 N.W.2d 138. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; when it misinterprets or misapplies the law; or when its decision is not the product of a rational mental process leading to a reasoned determination. *Sollin*, at ¶ 12.

[¶12] Rath asserts the district court abused its discretion in allowing his child to testify at the February 2021 evidentiary hearing because the child was improperly influenced by Jones and the manner in which the testimony was received. Rath's assertions attack the credibility of the child's testimony, a consideration within the trial judge's discretion, and we conclude the court did not abuse its discretion with regard to the child's testimony. We address,

3

however, his argument that the court abused its discretion in allowing written closing, but not oral, arguments after the hearing.

[¶13] In *Fuhrman v. Fuhrman*, 254 N.W.2d 97, 101 (N.D. 1977), this Court held that "litigants in civil nonjury cases . . . have a right to have their attorneys make a final argument." *See also Isaacson v. Isaacson*, 2010 ND 18, ¶ 13, 777 N.W.2d 886; *Union State Bank v. Woell*, 434 N.W.2d 712, 715 n.1 (N.D. 1989). This Court has further explained:

> The right to closing arguments can be waived by the parties and narrowed by the courts, but it cannot be unilaterally denied. The protections afforded closing arguments flow from the important functions they serve. Closing arguments can correct premature misjudgments by the court and bring opposing viewpoints to the court's attention, leading courts to fewer erroneous decisions.

*Isaacson*, at ¶ 13 (discussing *Fuhrman*, at 101-02) (internal citation omitted).

[¶14] Rath did not waive his right to closing argument, objecting both at the hearing and when the district court issued its order, 17 days after the hearing, allowing for written closing arguments. At the outset of the hearing, the court noted on the record that two hours were provided for the hearing and instructed the parties to "construct your arguments and leave time for each other." Although the court unilaterally denied closing arguments at the end of the evidentiary hearing, the court subsequently provided the parties an opportunity to file written closing arguments from the parties before reaching its final decision.

[¶15] Rath asserts that too much time had passed after the hearing, he could not remember everything to make his arguments, and there was insufficient time to obtain a hearing transcript or recording. Under these facts and circumstances, we conclude the district court did not abuse its discretion by denying an oral summation at the end of the hearing and subsequently permitting written summations. To the extent the court ran afoul of our holding in *Fuhrman* by initially denying closing arguments at the hearing, we conclude the error was harmless. *See* N.D.R.Civ.P. 61 ("At every stage of the

proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

## III

[¶16] Rath argues the district court erred in modifying the judgment and abused its discretion in not addressing all of his requested modifications to the divorce judgment and in failing to explain why the court denied his other requests.

[¶17] Under N.D.C.C. § 14-05-22(2), the district court has continuing jurisdiction to modify parenting time. "To modify parenting time, the movant must establish a material change of circumstances has occurred since the prior parenting time order and that it is in the best interests of the child to modify the order." *Williams v. Williams*, 2021 ND 134, ¶ 3, 962 N.W.2d 601 (quoting *Green v. Swiers*, 2018 ND 258, ¶¶ 12-13, 920 N.W.2d 471). A court's decision on parenting time and modification of parenting time are findings of fact, subject to the clearly erroneous standard of review. *Williams*, at ¶ 3 (citing *Curtiss v. Curtiss*, 2016 ND 197, ¶ 10, 886 N.W.2d 565). Whether to grant a new trial motion rests entirely within the court's discretion. *Jalbert*, 2017 ND 50, ¶ 7. The court's decision on a motion for recusal is also reviewed for an abuse of discretion. *Rath*, 2013 ND 243, ¶ 14.

[¶18] Although Rath's motion to amend the divorce judgment was, in certain respects, successful in that the district court granted extended unsupervised parenting time and extended summer parenting time, he is dissatisfied with the court's decision. In its March 2021 order, the court found a material change of circumstances had occurred and it was in the children's best interests to continue the overnight and increased visits with Rath that had been occurring, moving toward a more normal parenting time schedule. Despite Rath's petitions for a new trial and for recusal filed after the hearing containing potentially contemptuous language, the court nevertheless ordered entry of the third amended judgment with some of the parenting plan modifications sought by Rath.

5

[¶19] On our review of the record, the district court's findings of fact and conclusions are sufficient for us to understand its decision. There is evidence in the record to support the findings, the court did not misapply the law, and we are not left with a firm conviction a mistake has been made. We conclude the court's decision modifying the divorce judgment is not clearly erroneous and the court did not abuse its discretion in denying his petitions for new trial and for recusal.

IV

[¶20] Rath contends the district court made a number of errors leading to the May 2021 order determining he is a vexatious litigant under N.D. Sup. Ct. Admin. R. 58. He challenges the presiding judge's authority to enter the order and the determination he is a vexatious litigant. At the time of Jones's motion, N.D. Sup. Ct. Admin. R. 58 provided, in relevant part:

> **Section 1. Purpose.**
> This rule addresses vexatious litigation, which impedes the proper functioning of the courts, while protecting reasonable access to the courts.
> **Section 2. Definition.**
> > (a) Litigation means any civil or disciplinary action or proceeding, including any appeal from an administrative agency, any review of a referee order by the district court, and any appeal to the Supreme Court.
> > (b) Vexatious litigant means a person who habitually, persistently, and without reasonable grounds engages in conduct that:
> > > (1) serves primarily to harass or maliciously injure another party in litigation;
> > > (2) is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law;
> > > (3) is imposed solely for delay;
> > > (4) hinders the effective administration of justice;
> > > (5) imposes an unacceptable burden on judicial personnel and resources; or
> > > (6) impedes the normal and essential functioning of the judicial process.

6

(c) Presiding judge means the presiding judge of a district under N.D. Sup. Ct. Admin. R. 2.

**Section 3. Pre-filing Order.**

(a) The presiding judge may enter a pre-filing order prohibiting a vexatious litigant from filing any new litigation or any new documents in existing litigation in the courts of this state as a self-represented party without first obtaining leave of a judge of the court in the district where the litigation is proposed to be filed. A pre-filing order must contain an exception allowing the person subject to the order to file an application seeking leave to file.

(b) A district judge or referee may, on the judge's own motion or the motion of any party, refer the consideration of whether to enter a pre-filing order to the presiding judge. The presiding judge may also consider whether to enter such a pre-filing order on the judge's own motion or the motion of a party if the litigant with respect to whom the pre-filing order is to be considered is a party to an action before the presiding judge.

**Section 4. Finding.**

A presiding judge may find a person to be a vexatious litigant based on a finding that:

(a) in the immediately preceding seven-year period the person has commenced, prosecuted or maintained as a self-represented party at least three litigations, other than in small claims court, that have been finally determined adversely to that person; or

(b) after a litigation has been finally determined against the person, the person has repeatedly relitigated or attempted to relitigate, as a self-represented party, either

(1) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or

(2) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined; or

(c) in any litigation while acting as a self-represented party, the person repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery,

7

or engages in other tactics that are frivolous or solely intended to cause unnecessary burden, expense or delay; or (d) the person has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding.

**Section 5. Notice.**

If the presiding judge finds that there is a basis to conclude that a person is a vexatious litigant and that a pre-filing order should be issued, the presiding judge must issue a proposed pre-filing order along with the proposed findings supporting the issuance of the pre-filing order. The person who would be designated as a vexatious litigant in the proposed order will have 14 days to file a written response to the proposed order and findings. If a response is filed, the presiding judge may, in the judge's discretion, grant a hearing on the proposed order. If no response is filed within 14 days, or if the presiding judge concludes following a response and any subsequent hearing that there is a basis for issuing the order, the presiding judge may issue the pre-filing order.

**Section 6. Appeal.**

A pre-filing order entered by a presiding judge designating a person as a vexatious litigant may be appealed to the Supreme Court under N.D.C.C. § 28-27-02 and N.D.R.App.P. 4.

**Section 7. Supreme Court Order.**

The Supreme Court may, on the Court's own motion or the motion of any party to an appeal, enter a pre-filing order prohibiting a vexatious litigant from filing any new litigation in the courts of this state as a self-represented party without first obtaining leave of a judge of the court where the litigation is proposed to be filed. If the Supreme Court finds that there is a basis to conclude that a person is a vexatious litigant and that a pre-filing order should be issued, the Court must issue a proposed pre-filing order along with the proposed findings supporting the issuance of the pre-filing order. The person who would be designated as a vexatious litigant in the proposed order will have 14 days to file a written response to the proposed order and findings. If no response is filed within 14 days, or if the Supreme Court concludes following a response and any subsequent hearing that there is a basis for issuing the order, the pre-filing order may be issued.

. . . .

**Section 10. Effect of Pre-filing Order.**

> A pre-filing order entered under this rule super[s]edes any other order limiting or enjoining a person's ability to file or serve papers or pleadings in any North Dakota State court litigation.

[¶21] We review a district court order finding a litigant vexatious for an abuse of discretion. *Smith v. Erickson*, 2019 ND 48, ¶ 15, 923 N.W.2d 503; *Matter of Emelia Hirsch Trust*, 2017 ND 291, ¶ 8, 904 N.W.2d 740. A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably; when it misinterprets or misapplies the law; or when its decision is not the product of a rational mental process leading to a reasoned determination. *Smith*, at ¶ 15; *Hirsch*, at ¶ 8.

[¶22] The district court found Mark Rath is a vexatious litigant in that he has repeatedly attempted to relitigate, as a self-represented party, determinations made by every judge assigned to this case and on nearly every order issued; and in that he has repeatedly filed unmeritorious motions, pleadings and other papers, and engaged in filings that are frivolous and cause unnecessary burden and expense to Jones. The court further found filings were frivolous, required a significant amount of court time and resources, were oftentimes inconsistent with one another or nonsensical, and were abusive. The court's order prohibited Mark Rath from filing any new litigation or any new documents in existing litigation without leave of court and relieved Kayla Jones from responding unless the court permits Mark Rath's filing and requests a response.

## A

[¶23] Rath argues the district court erred as a matter of law in denying his demand for change of judge after the current judge was assigned to the case and erred in permitting the presiding judge to rule on the vexatious litigant motion.

[¶24] "Section 29-15-21, N.D.C.C., is a 'statutory arrangement for permitting a litigant to obtain a change of judge, thereby assuring fair trials and promoting the fairness and integrity of the courts.'" *Wald v. Hovey*, 2022 ND 15, ¶ 9, 969 N.W.2d 163 (quoting *Traynor v. Leclerc*, 1997 ND 47, ¶ 14, 561

N.W.2d 644). Under N.D.C.C. § 29-15-21, a party to a civil proceeding may obtain a change of judge. This section provides, in part:

> 1. Subject to the provisions of this section, any party to a civil or criminal action or proceeding pending in the district court may obtain a change of the judge before whom the trial *or any proceeding with respect thereto* is to be heard by filing with the clerk of the court in which the action or proceeding is pending the original of a written demand for change of judge[.]. . .
> 2. The demand is invalid unless it is filed with the clerk of the court not later than ten days after the occurrence of the earliest of any one of the following events:
> > a. The date of the notice of assignment or reassignment of a judge for trial of the case;
> > b. The date of notice that a trial has been scheduled; or
> > c. The date of service of any ex parte order in the case signed by the judge against whom the demand is filed.
> 3. . . . In any event, no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertaining to the action or proceeding in which the demanding party was heard or had an opportunity to be heard. *Any proceeding to modify an order* for alimony, property division, or *child support pursuant to section 14-05-24* or an order for child custody pursuant to section 14-05-22 *must be considered a proceeding separate from the original action and the fact that the judge sought to be disqualified made any ruling in the original action does not bar a demand for a change of judge*.

(Emphasis added.) The judge sought to be disqualified has no authority or discretion to determine the timeliness or validity of the demand and the presiding district court judge decides whether the demand should be denied. N.D.C.C. § 29-15-21(6).

[¶25] In *Rath*, 2017 ND 138, ¶ 13, this Court held that a motion to modify child support constituted a separate proceeding from the original divorce action, *see* N.D.C.C. § 29-15-21(3), and that Mark Rath was entitled to demand a change of judge for the child support modification proceedings if he met the requirements of N.D.C.C. § 29-15-21.

10

[¶26] Here, after entry of the third amended judgment, the assigned judge recused himself from the case. On March 30, 2021, the current judge was assigned to act in the case. On March 31, 2021, the current judge entered an ex parte order referring Kayla Jones's pending vexatious litigant cross-motion to the presiding judge. On April 5, 2021, Rath moved for modification of his child support obligation. On April 11, 2021, he filed a demand for a change of judge, which was denied on April 14, 2021, as untimely and not in compliance with the statute, leaving the current judge assigned to the case.

[¶27] Generally, "[a]n order denying a demand for a change of judge is not appealable, but it is reviewable on appeal from a final judgment." *Wald*, 2022 ND 15, ¶ 7 (quoting *Traynor*, 1997 ND 47, ¶ 6). "However, we explained it is appropriate to consider exercising our supervisory jurisdiction when a demand for a change of judge has been denied because no adequate alternative remedy exists." *Wald*, at ¶ 7.

[¶28] Rath's April 5, 2021 motion to modify child support was a new proceeding, separate from the original action for purposes of N.D.C.C. § 29-15-21. His April 11, 2021 demand for change of judge was therefore timely. Even though the child support motion remains pending, we exercise our supervisory power and conclude the district court erred in denying Rath's demand for change of judge for the current judge with respect to the motions still pending in the district court.

[¶29] Rath also challenged the presiding judge's authority to decide the vexatious litigant motion. On August 26, 2018, Rath filed a demand for change of judge under N.D.C.C. § 29-15-21 against the presiding judge, seeking his disqualification from this matter. On August 28, 2018, his demand for change of judge was granted, and the current judge was assigned to act in the case. Rath contends that the presiding judge is required to disqualify himself on grounds of bias or prejudice and also argues the presiding judge "can never sit on this matter again unless he is the only Judge available in the district."

[¶30] Rule 58(3) to (5), N.D. Sup. Ct. Admin. R., specifically provides the presiding judge with the authority to enter the pre-filing order if the presiding

judge finds a basis to conclude the person is a vexatious litigant. However, the presiding judge in this case was previously disqualified in this divorce case in 2018. We have held new filings in divorce cases are new proceedings that can be assigned to a new judge and have new demands for change of judge filed. *See* N.D.C.C. § 29-15-21(3); *Rath*, 2017 ND 138, ¶ 13. Section 29-15-21, N.D.C.C., however, is silent regarding what happens in a divorce case when a new proceeding is filed and the case is assigned to a judge previously subject to a demand for change of judge. This Court has interpreted and applied N.D.C.C. § 29-15-21 broadly to assure fair trials and promote the courts' fairness and integrity. *See Wald*, 2022 ND 15, at ¶¶ 12-16 (and cases discussed therein).

[¶31] Consistent with a broad application of N.D.C.C. § 29-15-21, we hold that a demand for change of judge, once granted, carries forward in any particular case, even when a new proceeding is filed in a divorce case triggering a new judge assignment. Once the presiding judge was subject to a demand for change of judge in this divorce case, he was precluded from acting in the case in the subsequent proceedings relating to the vexatious litigant motion. We therefore vacate the May 2021 order determining Mark Rath is a vexatious litigant under N.D. Sup. Ct. Admin. R. 58.

[¶32] Although we vacate the May 2021 vexatious litigant order, we conclude this is an appropriate case for this Court to consider exercising our authority sua sponte under N.D. Sup. Ct. Admin. R. 58(7) to enter a pre-filing order prohibiting a vexatious litigant from filing new litigation in the courts of this state as a self-represented party without first obtaining leave of a judge of the court where the litigation is proposed to be filed. Rath argues on appeal that he cannot reasonably be determined to be a vexatious litigant, has never attempted to relitigate anything, and had reasonable grounds to file his petitions for new trial and for a contempt motion. We disagree.

[¶33] On our review, the extensive record contains multiple unwarranted requests for recusal over the years, numerous rejected contempt motions seeking to hold Kayla Jones in contempt for perceived violations of the judgment, and a litany of other frivolous and abusive filings. In the over eight

years this case has been ongoing, there are now over 1,700 filings, initiated mostly by Mark Rath, which include over 70 filings since Jones made her motion to determine Rath a vexatious litigant. On our own motion, we find that there is a basis to conclude Mark Rath is a vexatious litigant and that a pre-filing order should be issued under N.D. Sup. Ct. Admin. R. 58(7). This Court will therefore issue a separate, proposed pre-filing order in accordance with the requisite procedures provided in N.D. Sup. Ct. Admin. R. 58(7).

B

[¶34] Rath argues N.D. Sup. Ct. Admin. R. 58 is unconstitutional and violates the First Amendment and N.D. Const. art. I, §§ 9 and 21. He further raises arguments, inter alia, claiming violation of equal protection, the animus doctrine, overbreadth doctrine, and freedom of association. He contends the rule improperly treats a self-represented person differently than those who have attorneys.

[¶35] Article I, section 9, of the North Dakota Constitution guarantees access to state courts:

> All courts shall be open, and every man for any injury done him in his lands, goods, person or reputation shall have remedy by due process of law, and right and justice administered without sale, denial or delay. Suits may be brought against the state in such manner, in such courts, and in such cases, as the legislative assembly may, by law, direct.

Article I, section 21, of the North Dakota Constitution provides:

> No special privileges or immunities shall ever be granted which may not be altered, revoked or repealed by the legislative assembly; nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens.

[¶36] This Court has held that "[a] court may restrict an individual's right to access the state's legal system in light of the rights of the public and necessities of the occasion." *Smith*, 2019 ND 48, ¶ 12 (citing *Fed. Land Bank v. Ziebarth*,

520 N.W.2d 51, 56 (N.D. 1994)). In *Smith*, at ¶¶ 11-16, we concluded finding a person is a vexatious litigant and entering a pre-filing order does not violate that person's constitutional right to access the court system.

[¶37] We have long held courts have the inherent authority to control dockets to stem abuses of the judicial process and to maintain the integrity of the court. *See, e.g.*, *Holkesvig v. Grove*, 2014 ND 57, ¶ 17, 844 N.W.2d 557; *Fed. Land Bank*, 520 N.W.2d at 58; *see also Holkesvig v. VandeWalle*, 2016 ND 107, ¶ 11, 879 N.W.2d 728. This Court also has the authority to promulgate a rule to guide the district court's determination of vexatious litigants. *See* N.D. Const. art. VI, § 2 ("The supreme court shall be the highest court of the state."); N.D.C.C. § 27-02-05 ("The supreme court is vested with full power and authority necessary to carry into complete execution all its judgments, decrees, and determinations in the matters over which it has jurisdiction and for the exercise of its jurisdiction as the supreme judicial tribunal of this state.").

[¶38] Procedural safeguards are contained within N.D. Sup. Ct. Admin. R. 58 providing for a specific vexatious litigant definition, appropriate notice, requisite court findings, and the pre-filing order contents. Rather than completely barring a vexatious litigant from the courts, the rule requires that "[a] pre-filing order must contain an exception allowing the person subject to the order to file an application seeking leave to file." N.D. Sup. Ct. Admin. R. 58(3)(a). We conclude sufficient grounds supporting our promulgation of Rule 58 exist in this Court's inherent authority and in other courts' precedent. *See, e.g.*, *Wolfe v. George*, 486 F.3d 1120, 1125 (9th Cir. 2007) (holding California's vexatious litigant statute was not unconstitutionally vague; was not overbroad; was rationally related to a legitimate state purpose, and did not violate due process rights of litigants; did not violate Equal Protection Clause; did not violate Double Jeopardy and Ex Post Facto Clauses; did not violate Eighth Amendment prohibition on excessive fines; and was not an unconstitutional bill of attainder); *Telford v. Nye*, 301 P.3d 264 (Idaho 2013) (concluding similar rule was not void for vagueness). We conclude Rath's constitutional challenge to N.D. Sup. Ct. Admin. R. 58 is without merit.

## V

[¶39] We have considered Rath's remaining issues and arguments and conclude they are either unnecessary to our decision or without merit. The district court did not abuse its discretion in denying his motion in limine, in conducting the hearing, and in allowing written closing arguments to be filed after the hearing. The orders and third amended judgment are affirmed.

[¶40] The district court erred in denying Rath's demand for a change of judge for the current judge and erred in referring Jones's motion for a vexatious litigant determination under N.D. Sup. Ct. Admin. R. 58 to the presiding judge who had previously been disqualified in this case in 2018. The May 2021 order determining Mark Rath a vexatious litigant is vacated. We further hold that Rath's constitutional challenge to N.D. Sup. Ct. Admin. R. 58 is without merit and exercise our authority under N.D. Sup. Ct. Admin. R. 58(7) to determine Mark Rath is a vexatious litigant.

[¶41] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte