# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 12

Burleigh County Social Service Board

as assignee for Heather Odden,

n/k/a Heather Zins,                                        Plaintiff and Appellee

v.

Mark Rath,                                        Defendant and Appellant

### No. 20220193

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Douglas A. Bahr, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Sheila K. Keller, Special Assistant Attorney General, Bismarck, ND, for plaintiff and appellee Burleigh County Social Service Board; submitted on brief.

Thomas M. Jackson, Bismarck, ND, for plaintiff and appellee Heather Odden, n/k/a Heather Zins; submitted on brief.

Mark A. Rath, Bismarck, ND, defendant and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Mark Rath appeals district court orders granting the State's request for an extension of time to file pleadings, granting two protective orders to Heather Zins, denying two applications to file motions subject to a then existing but subsequently vacated pre-filing order, and a final judgment denying his motion to amend a child support judgment. Rath also asserts the North Dakota Child Support Guidelines are unconstitutional. We affirm all but the district court's denial of Rath's applications to file motions pursuant to the existing but subsequently vacated pre-filing order.

I

[¶2]   Mark Rath and Heather Zins share one minor child, A.J.O., born in 2004. The North Dakota Department of Human Services' Child Support Enforcement Division ("the State") commenced support proceedings against Rath in 2005 and a judgment ordering child support payments was entered. The judgment was amended in 2008 to establish a parenting plan for A.J.O. Zins was awarded primary residential responsibility while Rath received scheduled parenting time. The judgment was modified three different times—in 2009, 2013, and 2016—with the last judgment requiring Rath to pay $366.00 per month.

[¶3]   In April 2021, Rath filed three separate motions to amend the child support judgment, to consolidate his child support claims, and for relief under N.D.R.Civ.P. 60(b)(6). Several motions were filed prior to an evidentiary hearing including an extension request made by the State which the district court granted. Rath also applied for permission to motion for an N.D.R.Civ.P. 41(b) dismissal and N.D.R.Civ.P. 11 sanctions against Zins's counsel and reconsideration for a decision made at an earlier hearing which the court denied. Rath was subject to a pre-filing order issued by the South Central Judicial District. Zins filed for two protective orders against discovery requests made by Rath, which the court granted in part and denied in part.

[¶4]  An evidentiary hearing on Rath's motion to amend his judgment was held. Rath testified he was currently self-employed providing childcare to his sister's son. Rath provided a profit-loss statement with income information from 2021. Rath admitted to not providing his 2019 or 2020 tax returns. Rath also testified he traveled to Fargo to see A.J.O. when A.J.O. temporarily resided at Dakota Girls and Boys Ranch. Zins testified she runs a daycare business but that its operation has resulted in overall income losses since 2017. Zins testified she also receives social security benefits for a vision-loss disability. The district court issued an order detailing the applicable provisions of the North Dakota Child Support Guidelines, applying them to the evidence presented at the hearing, and addressing Rath's constitutional claims. The court denied Rath's motion to modify his child support judgment.

II

[¶5]  Rath argues the district court abused its discretion by granting the State an extension four days prior to the due date of their response brief. Rath further argues his due process rights were violated when the court ordered his response to the State's extension request be filed by the next day.

[¶6]  A district court's decision to grant an extension is discretionary. "When an act may or must be done within a specified time, the court *may*, for good cause, extend the time[.]" N.D.R.Civ.P. 6(b)(1) (emphasis added). "Extensions of time for filing briefs and other supporting papers, or for continuance of the hearing on a motion, *may* be granted only by written order of court." N.D.R.Ct. 3.2(d) (emphasis added). "When a matter lies within the district court's discretion, '[a] court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or it misinterprets or misapplies the law.'" *State ex rel. K.B. v. Bauer*, 2009 ND 45, ¶ 8, 763 N.W.2d 462 *(*quoting *Hagel v. Hagel*, 2006 ND 181, ¶ 9, 721 N.W.2d 1).

[¶7]  It was within the district court's discretion to grant an extension to the State. North Dakota Rules of Civil Procedure do not require opposing parties respond to an extension request and do not specify a set amount of time that opposing parties should have to respond. Rath's due process rights were not

affected by the court's decision because the resolution of his original pleadings was minimally delayed and the issues were eventually heard on their merits. The court's decision to grant an extension to the State was not arbitrary, unreasonable, or unconscionable, was not a result of an irrational mental process, and did not misapply the law.

## III

[¶8]   Rath argues the district court abused its discretion when granting a portion of Zins's motions for protective orders. Rule 26, N.D.R.Civ.P., governs the issuance of protective orders. The rule allows a court discretionary authority to issue orders to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding the discovery" or "specifying terms and conditions, including time or place for the discovery[.]" N.D.R.Civ.P. 26(c)(1)(A)-(B).

> The rules envision two permissible courses of action for a party who seeks to prevent discovery of certain information sought in interrogatories or in a request for production of documents. The party may serve written objections within thirty days pursuant to Rules 33 and 34, N.D.R.Civ.P., or the party may make a timely motion to the court for a protective order pursuant to Rule 26(c), N.D.R.Civ.P.

*Vorachek v. Citizens State Bank of Lankin*, 421 N.W.2d 45, 52 (N.D. 1988). "A district court has broad discretion in setting the scope of discovery, and discovery orders will not be reversed unless there is an abuse of discretion." *Nastrom v. Nastrom*, 1998 ND 142, ¶ 7, 581 N.W.2d 919.

[¶9]   The district court granted Rath's request for Zins's 1040 and tax return documents stating that Zins's income information was relevant to Rath's motion to modify his child support obligation. The court clarified that Zins was protected from providing other personal financial information such as her social security number. The court found in a second protective order that Zins was not required to provide additional personal financial information requested by Rath stating, "[Zins's tax returns] were prepared by a professional preparer (CPA) and reasonably reflect her income. *See* N.D. Admin. Code § 75-

02-04.1-05(3). Moreover, *if* Zins is underemployed and an income should be imputed to her, the Court can impute her income under N.D. Admin. Code § 75-02-04.1-07[.]" (Emphasis in original.) The court's granting of protective orders to Zins was not arbitrary, unreasonable, or unconscionable, was not a result of an irrational mental process, and did not misapply the law.

IV

[¶10] Rath argues the district court violated his due process rights when it denied his application to file a motion for N.D.R.Civ.P. 41(b) and N.D.R.Civ.P. 11 sanctions, and an application to file for a motion to reconsider and continuance pursuant to a South Central Judicial District vexatious litigant order. The court denied the filings in accordance with the presiding judge's existing vexatious litigant order. The vexatious litigant order was subsequently vacated in *Rath v. Rath*, 2022 ND 105, ¶¶ 31-32, 974 N.W.2d 652, after this Court determined there was a procedural error in the entry of the order. As a result, Rath's requested filings were denied pursuant to an improperly entered pre-filing order.

[¶11] Rath is currently subject to a different pre-filing order that this Court issued pursuant to N.D. Sup. Ct. Admin. R. 58(7). *Rath*, 2022 ND 105, ¶ 33. We held, "On our own motion, we find that there is a basis to conclude Mark Rath is a vexatious litigant and that a pre-filing order should be issued under N.D. Sup. Ct. Admin. R. 58(7)." *Id.* This Court entered its pre-filing order dated July 6, 2022, which stated that Rath is prohibited from "filing any new litigation or any new documents in existing litigation in the courts of this state as a self-represented party without first obtaining leave of a judge of the court in the district where the litigation and documents are proposed to be filed. However, he may file an application seeking leave to file documents." Without determining whether Rath's motions that were previously rejected for filing have now been rendered moot, we conclude the appropriate remedy is to provide Rath with leave to re-file those motions in unmodified form or request leave to file alternative motions under the existing vexatious litigant order.

## V

[¶12] Rath argues the district court erred in denying his motion to modify his child support obligation. Section 14-09-09.7(1), N.D.C.C., provides that the Department of Health and Human Services may establish a set of guidelines to assist in determining the amount a parent must contribute towards the support of their child. These guidelines presume the amount calculated under them is correct and create a requirement of rebuttal proved by a preponderance of evidence to allow for a deviation from that amount. N.D. Admin. Code §§ 75-02-04.1-13 and 75-02-04.1-09(2). These deviations may include an obligor's payment of expenses when traveling to see their child. *Id*. at § 75-02-04.1-09(2)(j). "A correct finding of an obligor's net income is essential to determining the proper amount of child support." *Knudson v. Knudson*, 2018 ND 199, ¶ 25, 916 N.W.2d 793 (quoting *Thompson v. Johnson*, 2018 ND 142, ¶ 9, 912 N.W.2d 315). "Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income." N.D. Admin. Code § 75-02-04.1-02(7). An average of the most recent five years of self-employment activity should be used to determine income, but if the activity has operated for less than that time, a shorter period may be used. *Id*. at § 75-02-04.1-05(4). A parent with primary residential responsibility is not required to pay child support unless they earn three times that of the obligor. *Id*. at § 75-02-04.1-09(2)(n). Supplemental security income payments ("SSI") and social security disability payments ("SSD") must not be included as income. *Id*. at § 75-02-04.1-07(4)(f)(1)-(2).

[¶13] "Child support decisions involve questions of law subject to a de novo standard of review, findings of fact subject to the clearly erroneous standard of review, and in some limited areas may be matters of discretion subject to an abuse of discretion standard." *Rath v. Rath*, 2017 ND 138, ¶ 25, 895 N.W.2d 315. "[P]roper application of a provision of the child support guidelines is a question of law, fully reviewable on appeal." *Gooss v. Gooss*, 2020 ND 233, ¶ 15, 951 N.W.2d 247 (quoting *State ex rel. K.B.*, 2009 ND 45, ¶ 8). The granting of a deviation is discretionary. *Gooss*, at ¶ 17.

5

[¶14] Rath testified he was self-employed since 2019 providing child care to his sister's son. Rath provided only a profit-loss statement from 2021. Rath did not provide tax returns for 2019 or 2020. Zins testified she has primary residential responsibility of A.J.O., and that her income from providing in-home daycare resulted in a net loss as a source of income. She also testified she receives SSI payments and SSD payments. She provided tax returns to support her testimony. The district court found Zins was not required to pay support. The court found Rath failed to provide financial information necessary to give an accurate picture of his income warranting a deviation from the guidelines. The court also found Rath did not provide adequate proof of expenses for travel to see A.J.O. that would warrant a deviation under N.D. Admin. Code § 75-02-04.1-09(2)(j). The court's findings of fact regarding the parties' income and expenses are based upon sufficient evidence in the record and we are not left with a definite and firm conviction a mistake was made. The court's conclusions of law when applying the child support guidelines to this case were proper. The court did not err in denying Rath's motion to amend the child support judgment.

VI

[¶15] Rath challenges the North Dakota Child Support Guidelines arguing they violate certain constitutional rights, but does not cite any supporting authority. "Issues are not adequately briefed when an appealing party fails to cite any supporting authority, and we will not consider them." *Rath v. Rath*, 2019 ND 303, ¶ 6, 936 N.W.2d 538 (quoting *Frith v. N.D. Workforce Safety & Ins.*, 2014 ND 93, ¶ 25, 845 N.W.2d 892). Rath submits for our review only bare assertions without providing persuasive or relevant authority supporting his claims. Rath's constitutional claims are not adequately briefed and will not be considered.

VII

[¶16] We affirm the district court's orders granting the State an extension, protection orders on behalf of Zins, and the final judgment denying Rath's motion to amend his child support obligation. We reverse the district court's

6

orders denying Rath's applications to file pleadings pursuant to a vacated pre-filing order and remand to allow for action consistent with this opinion.

[¶17] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

[¶18] Justice Gerald W. VandeWalle was not a member of the Court when this opinion was considered and did not participate in the decision. Justice Douglas A. Bahr was disqualified and did not participate in this decision.