# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 51

Kayla Rath, n/k/a Kayla Jones,                                  Plaintiff and Appellee

v.

Mark Allen Rath,                                          Defendant and Appellant

and

State of North Dakota              Statutory Real Party in Interest and Appellee

## No. 20220240

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Thomas M. Jackson, Bismarck, ND, for plaintiff and appellee.

Mark A. Rath, Bismarck, ND, self-represented, defendant and appellant.

Sheila K. Keller, Special Assistant Attorney General, Bismarck, ND, for statutory real party in interest and appellee.

**McEvers, Justice.**

[¶1] Mark Rath appeals from an order denying his motion to modify child support. He argues the district court erred when it applied this Court's vexatious litigant pre-filing order, when it allowed the State to file a response to his motion after the deadline, and when it denied his motion without a hearing. We affirm.

I

[¶2] In *Rath v. Rath*, 2022 ND 105, 974 N.W.2d 652, we affirmed an amended judgment in this case and decided to issue an N.D. Sup. Ct. Admin. R. 58 vexatious litigant pre-filing order. At the time of our decision, motions filed by Rath for contempt and to modify child support were pending in the district court. *Id.* at ¶ 9. In June 2022, Rath filed various documents supplementing his contempt motion. Our vexatious litigant pre-filing order was issued in July 2022. After our pre-filing order was issued, the district court entered an order denying Rath's motion to modify child support and deciding a number of interlocutory matters. The court did not hold a hearing on the motion noting "[t]he record does not reflect that the Defendant secured a hearing under N.D.R.Ct. Rule 3.2 or attempted to secure a hearing on the issue." The court set an evidentiary hearing on Rath's contempt motion, but it determined the documents Rath filed in support of the motion "shall be disregarded" because Rath was on notice a pre-filing order was forthcoming. On August 12, 2022, Rath filed a notice of appeal listing various orders for which the appeal would have been untimely. On August 16, 2022, he filed an amended notice of appeal listing only the order denying his motion to modify child support. On September 23, 2022, the district court entered an order denying Rath's motion for contempt, which he did not appeal.

II

[¶3] Rath argues the district court erroneously applied our N.D. Sup. Ct. Admin. R. 58 vexatious litigant prefiling order to disregard documents he filed

in support of his contempt motion. Rath claims his "brief, affidavit and exhibits should not have been dismissed sua sponte by the court utilizing an order that was not placed until after Rath filed them to invalidate the new issues." Although we had not yet issued our pre-filing order at the time Rath filed his supplemental contempt documents, the district court's order, which held the documents "shall be disregarded," did not decide Rath's contempt motion. The court instead denied Rath's contempt motion, after holding an evidentiary hearing, in a subsequent order that Rath did not appeal. *See Kettle Butte Trucking LLC v. Kelly*, 2018 ND 110, ¶ 9, 910 N.W.2d 882 (contempt proceedings are collateral to the merits of the case and specially appealable). Issues concerning Rath's contempt motion are therefore not properly before us.

[¶4]   Rath also argues the district court violated his right to due process by placing a page limit on his applications for leave to file under the pre-filing order. In his words, the court erred by "[s]ua sponte modifying the prefiling orders in a prejudicial and rather arbitrary fashion." However, there is nothing in the order on appeal in this case discussing pre-filing application page limitations. It appears Rath is challenging an order entered in Case No. 08-05-C-073, which limited Rath's pre-filing applications to five pages in length. We recently decided an appeal from that case in *Burleigh County Social Service Board v. Rath*, 2023 ND 12, 985 N.W.2d 725. That case is not the subject of this appeal. We will not address issues from orders in a different case.

III

[¶5]   Rath argues the district court erred when it denied his motion to modify child support. Rath first asserts the court erred by allowing the State to file its response brief after the deadline. However, Rath has not identified anything in the record to show he objected to the State's motion for an extension or raised this as an issue in the district court. We therefore will not address it. *See Schrodt v. Schrodt*, 2022 ND 64, ¶ 7, 971 N.W.2d 861 (the purpose of an appeal is to review the actions of the district court; an issue not presented to the district court cannot be raised for the first time on appeal).

[¶6]   Rath also argues the district court erred because it did not hold a hearing on his motion. Under N.D.R.Ct. 3.2(a)(3), a request for a hearing must be

timely, and the requesting party must secure a time for the hearing and serve notice on the opposing party. Rath claims he attempted to secure a hearing but court staff hindered his efforts. We are not convinced. Rath's arguments on appeal are not evidence. *See Gunia v. Gunia*, 2009 ND 32, ¶ 7, 763 N.W.2d 455. Rath has not identified anything in the record to indicate he attempted to secure a time for a hearing or objected after court staff allegedly refused to schedule one. We conclude Rath's arguments concerning the district court's order denying his motion to modify child support are without merit.

IV

[¶7]   Rath's remaining arguments are either without merit or unnecessary to our decision. The district court's order denying Rath's motion to modify child support is affirmed.

[¶8]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

[¶9]   Justice Douglas A. Bahr was not a member of the Court when this matter was submitted and did not participate in the decision.